IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-CV-488

| | |
|---|---|
| HOWELL W. WOLTZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Petitioner's § 2241 petition that was transferred to this court from the United States District Court for the Southern District of West Virginia on October 22, 2008 and filed in this court on October 28, 2008.

On September 17, 2008, Petitioner filed a federal habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of West Virginia. On September 23, 2008, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 with this court (Case No. 3:08-CV-438). The Southern District of West Virginia conducted an initial review of the § 2241 petition and concluded that the claims raised by Petitioner were of the type typically raised in motions pursuant to 28 U.S.C. § 2255. Consequently, that court transferred the case to this court. Although the rationale for transferring the § 2241 petition to this court rested upon that court's determination that the filing was in essence a § 2255 motion, the Southern District of West Virginia did not technically convert Petitioner's filing to a § 2255 motion. (See 10/22/08 Order at 3-4, 5.)

Consequently, in accordance with United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002), this court will give Petitioner an opportunity to indicate whether or not he wishes his §

2241 petition to be construed as a § 2255 motion.[1] If Petitioner wishes his § 2241 filing to be treated as a § 2255 motion, because he already has a § 2255 motion pending, he must indicate precisely which of the claims in his § 2241 filing are different claims from those asserted in his § 2255 motion. This court will not consider redundant claims. Petitioner is cautioned that as it appears that his one-year limitation period under 28 U.S.C. § 2255(f) has expired, he may not add any claims not raised in the § 2241 or 2255 filings.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Within fifteen days of the filing of this Order, Petitioner shall file a response to this order indicating whether or not he wishes his § 2241 filing to be construed as a § 2255 motion.

2. If Petitioner elects to have his § 2241 filing construed as a § 2255 motion, he must indicate precisely which of the claims in his § 2241 filing were not asserted in his § 2255 motion.

3. If Petitioner elects to have his § 2241 filing to remain as such, the court will dismiss that filing for lack of jurisdiction and will consider only the claims raised in the § 2255 motion in Case No. 3:08-CV-438.

---

[1] This court does not have jurisdiction over a § 2241 because such a petition must be filed in the district in which the movant is confined. In Re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Petitioner is currently confined at FCI Beckley in the Southern District of West Virginia.

4. **Petitioner is cautioned that failure to timely comply with this Order will result in this court dismissing his § 2241 filing and only considering the claims and arguments contained in his § 2255 motion in Case No. 3:08-CV-438.**

This 13 November 2008.

                                                           W. Earl Britt
                                                           Senior U.S. District Judge